**Susan SKEET, on behalf of herself and all others similarly situated, Plaintiff,**

v.

**SEARS, ROEBUCK & CO., and, Gates City Optical of Missouri, Inc., Defendants.**

Civ. A. No. 87–4254–S.

United States District Court, D. Kansas.

June 18, 1991.

Tom C. Kelley, Ochs and Kelley, P.A., Topeka, Kan., for plaintiff.

James S. Pigg, Fisher, Patterson, Sayler & Smith, Topeka, Kan., for defendants.

## MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on plaintiff's motion for class action certification of her claim under the Kansas Consumer Protection Act.[1] Plaintiff seeks both injunctive relief and damages.

**1.** The parties have stipulated to the court's determination of this matter upon the pleadings. Thus, an evidentiary hearing was not held.

**2.** For a more detailed factual statement the reader is referred to this court's Memorandum and Order filed April 8, 1991, reported at 761 F.Supp. 872 (D.Kan.1991) dismissing plaintiff's federal claim.

**3.** In addition, Skeet has asserted a personal injury claim in which she alleges that her vision has been permanently impaired as a result of defendants' negligent conduct. Plaintiff requests the court to bifurcate Count VII from her class action claim pursuant to Fed.R.Civ.P. 42. Because plaintiff's motion for class action certification will be denied, the court finds that plaintiff's request for bifurcation of her Count VI should be denied as bifurcation will not be conducive to expedition and judicial economy. Accordingly, the court denies plaintiff's request for bifurcation of her claims.

**4.** K.S.A. 50–626 provides in pertinent part:
(b) Deceptive acts and practices include, but are not limited to, the following, each of which is hereby declared to be a violation of this act:
(1) Representations made knowingly or with reason to know that:

This action arises out of the defendants' sale of contact lenses to plaintiff Susan Skeet ("Skeet"). Jurisdiction is predicated upon diversity of citizenship. The primary issue in this case is whether defendant dispensed contact lenses to plaintiff without a proper contact lens prescription in violation of the Kansas Optometric Act ("KOA"), K.S.A. 65–1501 *et seq.*, the Kansas Consumer Protection Act ("KCPA"), K.S.A. 50–623 *et seq.*, and other Kansas law. Skeet contends that defendants have dispensed contact lenses without proper contact lens prescriptions on numerous occasions to many customers. Accordingly, Skeet moves the court pursuant to Rule 23(a) and (b)(3) to certify a class of customers who have purchased contact lenses from defendants without a proper contact lens prescription.[2] Specifically, Skeet is seeking certification of Count VI which alleges violations of the KCPA, K.S.A. 50–626 and 50–627.[3] These sections of the KCPA prohibit deceptive and unconscionable acts and practices in consumer transactions.[4]

Upon consideration of plaintiff's motion for class action certification, the

(D) property or services are of a particular standard, quality or grade, style, or model, if they are of another which differs materially from the representation; . . .
(2) the intentional use, in any oral or written representation of exaggeration, innuendo or ambiguity as to a material fact;
(3) the intentional failure to state a material fact, or the intentional concealment, suppression or omission of a material fact, whether or not any person has in fact been misled. . . .
K.S.A. 50–627 provides in relevant part:
(b) The unconscionability of an act or practice is a question for the court. In determining whether an act or practice is unconscionable, the court shall consider circumstances of which the supplier knew or had reason to know, such as, but not limited to the following:
(1) That the supplier took advantage of the inability of the consumer reasonably to protect the consumer's interests because of the consumer's physical infirmity, ignorance, illiteracy, inability to understand the language of an agreement or similar factor; . . .
(6) that the supplier made a misleading statement of opinion on which the consumer was likely to rely to the consumer's detriment. . . .

court finds that plaintiff's motion should be denied. As a preliminary matter, the court finds that if plaintiff's motion were granted, the court would lack subject matter jurisdiction over the alleged class. Because jurisdiction over this matter is founded upon diversity jurisdiction, each member of the alleged class must satisfy a threshold criterion that the "matter in controversy" exceed $10,000. 28 U.S.C. § 1332.[5] Under the KCPA, a plaintiff may bring a class action to recover actual damages caused by a defendant's violation of any of the express proscriptions contained in K.S.A. 50–626 or 50–627. *See* K.S.A. 50–634(d). However, damages which may be recovered under the KCPA are expressly limited to the actual damages to the property that is the subject of the consumer transaction. *See* K.S.A. 50–635. Consequently, in this case, class members would be limited to recover the value of their contact lenses.[6] Thus, absent significant ancillary claims, the individual claims of the class members would not exceed $10,000 and would fail to satisfy the threshold jurisdictional requirement of alleging a claim in excess of $10,000.

■ Furthermore, the court finds that the jurisdictional defect of the class is not cured by the fact that the named representative, Skeet, does allege a claim which meets the threshold jurisdictional amount due to her ancillary claim for personal injury. *See Zahn v. International Paper Co.,* 414 U.S. 291, 301, 94 S.Ct. 505, 512, 38 L.Ed.2d 511 (1973) (Each plaintiff in a diversity case must assert a claim for more than $10,000.). Nor does this action fall within the category of cases in which aggregation of class members' claims is permitted. *See Snyder v. Harris,* 394 U.S. 332, 335, 89 S.Ct. 1053, 1056, 22 L.Ed.2d 319 (1973) (aggregation is permissible "only (1) in cases in which a single plaintiff seeks to aggregate two or more of his claims against a single defendant and (2) in cases in which two or more plaintiffs unite to

enforce a single title or right in which they have a common or undivided interest.") The court finds that the claims of the class members are separate and distinct, and that only the named plaintiff has a claim which exceeds $10,000. Accordingly, plaintiff's motion for certification should be denied for lack of subject matter jurisdiction over the unnamed plaintiffs. Further, the court finds that even if unnamed members of the class could satisfy the jurisdictional requirements, plaintiff's motion for certification should be denied for the additional reasons stated below.

■ The burden of establishing the existence and appropriateness of a class action rests upon the moving party. *See Rex v. Owens ex rel. State of Oklahoma,* 585 F.2d 432, 435 (10th Cir.1978). In order for a class to be certified, the four requirements of Fed.R.Civ.P. 23(a) must be satisfied. These include: numerosity, commonality, typicality, and adequacy of representation. Additionally, the action must fit within one of the Rule 23(b) categories. *Smith v. MCI Telecomm. Corp.,* 124 F.R.D. 665, 674 (D.Kan.1989). As stated above, Skeet moves for certification under Rule 23(b)(3). This subsection of Rule 23 requires that common questions of law and fact predominate over individual questions, and that the adjudication of the matter as a class action would be superior to adjudication on an individual claim-by-claim basis.

While a court must not determine the merits of a case in analyzing whether to certify a class, the court must "to some extent, analyze the elements of the claims and defenses of the parties." *Smith,* 124 F.R.D. at 674 (citing *Joseph v. General Motors Corp.,* 109 F.R.D. 635, 637–38 (D.Colo.1986)). Further, the Tenth Circuit Court of Appeals has stated that any errors in this determination should be made in favor of, rather than against, the maintenance of a class action. *Esplin v. Hirschi,* 402 F.2d 94, 99 (10th Cir.1968), *cert. de-*

---

5. This action was commenced prior to the effective date of the 1988 amendment of 28 U.S.C. § 1332. Accordingly, the amount in controversy must exceed $10,000.

6. The court further notes, a class action may not be maintained for the recovery of civil penalties under the KCPA. *See* K.S.A. 50–636.

*nied,* 394 U.S. 928, 89 S.Ct. 1194, 22 L.Ed.2d 459 (1969).

■ Plaintiff's allegations in support of class certification appear to satisfy the first three prongs of Rule 23(a), *i.e.,* numerosity, commonality and typicality. However, the court finds that Rule 23(a)(4) is not satisfied. Rule 23(a)(4) requires that the named representative have common interests with the unnamed class members, *Bishop v. Committee on Professional Ethics, Etc.,* 686 F.2d 1278, 1289 (8th Cir.1982), and that the named plaintiff's counsel be qualified to "vigorously and adequately prosecute the interests of the class." *Key v. Gillette Co.,* 782 F.2d 5, 7 (1st Cir.1986); *Wetzel v. Liberty Mutual Ins. Co.,* 508 F.2d 239, 247 (3rd Cir.), *cert. denied,* 421 U.S. 1011, 95 S.Ct. 2415, 44 L.Ed.2d 679 (1975); *Bowen v. General Motors Corp.,* 542 F.Supp. 94, 99 (N.D.Ohio 1981). This factor is extremely important because of the binding effect which this adjudication would have on all members of the class who do not expressly opt out. *Key,* 782 F.2d at 7.

In this case, the court finds plaintiff is not a representative which could fairly and adequately represent the interests of the class. While plaintiff clearly has common interests with the unnamed class members, the court finds that plaintiff's attorneys have not demonstrated that they will vigorously and adequately prosecute the interests of the class. This finding is based upon the lengthy history of this action combined with the numerous requests for extensions by plaintiff to move for certification. The record in this case simply does not reflect that plaintiff's counsel will vigorously prosecute this action. Consequently, upon consideration of the rights of absentee class members who would be bound by this adjudication, the court finds that class certification should be denied.

■ Even assuming that plaintiff's counsel would vigorously pursue plaintiff's claim from this point forward, the court finds that the requirements of Rule 23(b)(3) are not met. As previously stated, Rule 23(b)(3) requires that questions of law or fact common to the members of the class predominate over any questions affecting only individual members and that the class action is the superior method of adjudication of this controversy. *See generally,* 3B J. Moore, *Federal Practice,* § 23.45(2)—(3), at 23–298–331.

In this regard, the court finds that individual issues of fact predominate over common questions of law and fact. While a common question of law is shared by all class members, *i.e.,* whether defendants' alleged conduct violates the KCPA and other Kansas law, the determination of whether such deceptive acts actually occurred involves factual issues unique to each class member. Specifically, factual issues exist as to whether each member provided a proper contact lens prescription to the defendants. Furthermore, the court finds that individual issues exist as to what specific oral representations were made to each member. Inasmuch as these issues would require separate findings of fact for each class member, the court finds that certification of this class would not "achieve economies of time, effort, and expense ... without sacrificing procedural fairness [or] bring about undesirable results." Fed.R.Civ.P. 23(b)(3).

■ The court further finds that maintenance of a class action is not superior to other available methods of adjudication. While it is true that the actual damages which each member may recover under the KCPA, are relatively small in amount, the KCPA provides for the recovery of civil penalties in the amount of $2,000 per violation if a plaintiff's claim is pursued individually. *See* K.S.A. 50–634(b) and 50–636(a). In fact, in an individual action, a plaintiff is entitled to recover actual damages or civil penalties, whichever is greater. K.S.A. 50–634(b). Because individual claimants could recover significantly in individual actions and therefore would be motivated to bring individual lawsuits, the court finds that adjudication on a class-wide basis is not superior to litigation on a claim-by-claim basis.[7]

---

7. This conclusion is further supported by the

fact that the KCPA provides for the recovery of

Accordingly, because the court finds that adjudication of this matter in a class action is not a superior method of adjudication, and because individual factual questions predominate over common questions, the court finds that plaintiff's motion for certification should be denied.

IT IS BY THE COURT THEREFORE ORDERED that the motion of plaintiff Susan Skeet for certification of a class is denied (Doc. 107).

attorney's fees to the prevailing party. *See*     K.S.A. 50–634(e).