Douglas D. VICKERS and Timothy S. Creek, individually and on behalf of a class of similarly situated individuals, Plaintiffs,

v.

GENERAL MOTORS CORPORATION, d/b/a Delco Remi Division GMC and Delphi Automotive Systems, LLC, Defendants.

No. 01–2093–GTV.

United States District Court, D. Kansas.

Nov. 29, 2001.

Barry W. McCormick, Scott M. Adam, Michael W. Shunk, McCormick, Adam & Long, P.A., Overland Park, KS, for Douglas D. Vickers and Timothy S. Creek.

Michael C. Leitch, Spencer, Fane, Britt & Browne, Kansas City, MO, J. Nick Badgerow, Daniel B. Boatright, Spencer, Fane, Britt & Browne, Overland Park, KS, for General Motors Corporation and Delphi Automotive Systems, LLC.

James T. Price, Spencer, Fane, Britt & Browne, Kansas City, MO, for Delphi Automotive Systems, LLC.

## MEMORANDUM AND ORDER

VanBEBBER, Senior District Judge.

Plaintiffs bring this case seeking relief for property and vehicle damage allegedly caused by discharge of sulphuric acid from a manufacturing plant, the Delphi plant, located near their property. Plaintiffs allege that the market value of their real property has fallen and that the exterior finishes of their vehicles have been damaged because of the alleged sulphuric acid emissions. The case is before the court on plaintiffs' motion for class certification (Doc. 23). Plaintiffs seek to certify a class of persons owning real property surrounding the Delphi plant and persons owning vehicles with confirmed damage. For the reasons stated below, the court denies plaintiffs' motion.

■ Class certification is an issue that is committed to the broad discretion of the trial court. *Zapata v. IBP, Inc.*, 167 F.R.D. 147, 156 (D.Kan.1996) (citations omitted). In exercising its discretion, the trial court applies the criteria set forth in Fed.R.Civ.P. 23. The party seeking certification of the class bears the burden of demonstrating that each of the Rule 23 criteria have been met. *Anderson v. City of Albuquerque*, 690 F.2d 796, 799 (10th Cir.1982). Before evaluating whether plaintiffs have met this burden, however, the court must make a threshold inquiry: Have plaintiffs defined the class sufficiently? *Davoll v. Webb*, 160 F.R.D. 142, 144 (D.Colo. 1995); *Ad Hoc Comm. v. City of St. Louis*, 143 F.R.D. 216, 219 (E.D.Mo.1992) (citing *Gen. Tel. Co. v. Falcon*, 457 U.S. 147, 102 S.Ct. 2364, 72 L.Ed.2d 740 (1982)); *In re Tetracycline Cases*, 107 F.R.D. 719, 723 n. 4 (W.D.Mo.1985); 5 James Wm. Moore et al., Moore's Fed. Practice § 23.21 (3d ed.2000). "Absent a cognizable class, determining whether [p]laintiffs or the putative class satisfy the other Rule 23(a) and (b) requirements is unnecessary." *Davoll*, 160 F.R.D. at 146. Moreover, it would be impossible to determine whether the Rule 23 criteria have been satisfied in the absence of a cognizable class. "The class definition is 'of critical importance because it identifies the persons (1) entitled to relief, (2) bound by the judgment, and (3) entitled to notice in a Rule 23(b)(3) action.'" *Zapata*, 167 F.R.D. at 156 (quoting Manual for Complex Litigation § 30.14 (3d ed.1995)).

■ In the instant case, plaintiffs have not met their burden of sufficiently defining the class. Plaintiffs have proposed the following definition for the class: "Those persons owning real property located within a 1000 meter radius of the Delphi plant and, in addition thereto, those individuals with confirmed damage to vehicles." The court determines that this definition is insufficient for several reasons.

First, the proposed class has no temporal limitation. In *Dunn v. Midwest Buslines, Inc.*, the court refused to certify a class action based partly on the fact that the proposed class contained no temporal limitation. *Dunn v. Midwest Buslines, Inc.*, 94 F.R.D.

170, 172 (E.D.Ark.1982). This court also is troubled by plaintiffs' failure to place a temporal limitation on their proposed class. Plaintiffs have not suggested a relevant time period during which class members must have owned real property within one thousand meters of the Delphi plant. Presumably, plaintiffs intend to include all property owners at the time of class certification. However, given that property undoubtably has been bought and sold since the alleged sulphuric acid emissions, such a class is likely to include owners who have not been damaged and omit previous owners who may have been damaged. Plaintiffs also have not suggested any time limitation on when class members must have incurred "confirmed" damage to their vehicles. Some liability for "confirmed" damage may be barred by applicable statutes of limitations. In the absence of proposed time periods limiting the scope of the class, the court concludes that plaintiffs have not adequately defined the class.

Second, plaintiffs have not defined the point from which the radius of the circle encompassing proposed class members will run. The Delphi plant is located on sixty-three acres of land. Based on plaintiffs' definition, the court is uncertain from where it should begin measuring to determine who is included in the class. Without a defined starting point for measuring one thousand meters in all directions, the court cannot tell which property owners should be class members.

Third, plaintiffs merely propose that persons with "confirmed" vehicle damage be included in the class. Plaintiffs have not identified who is to "confirm" the damage. They also have not proposed any limits for the location of the vehicles—is the court to use the one thousand meter limit applied to owners of real property? Furthermore, plaintiffs have not specified whether ownership at the time of damage is required. Based on these open questions regarding persons with "confirmed" vehicle damage, the court cannot accept plaintiffs' proposed definition of the class.

Finally, the proposed definition of the class is not supported by plaintiffs' evidence.

■ Although the class definition is subject to refinement based upon further development of the record, and can be expanded or contracted if the facts so warrant, there should be some evidence at this stage of the case that plaintiffs' definition is reasonable. This requires an examination of plaintiffs' evidence of the dispersion of hazardous emissions.

■ *Boggs v. Divested Atomic Corp.*, 141 F.R.D. 58, 61–62 (S.D.Ohio 1991). Plaintiffs have based their proposed class definition on the testimony and report of their expert, Kevin K. Nunnink. Mr. Nunnink identified two class areas. One is an area within a five hundred meter radius of the Delphi plant and the other is an area within a one thousand meter radius, both perfect circles. In identifying the areas, Mr. Nunnink relied on a dispersion report from the Kansas Department of Health and Environment (KDHE), an expert report of engineer Robert Grendel, and a map depicting the location of vehicles allegedly damaged by sulphuric acid emissions. None of these sources suggest that a proper class definition would include property owners within a perfect circle surrounding the plant.

A diagram attached to the KDHE report does not support the proposition that property was damaged equidistance in all directions from the plant. In fact, Mr. Nunnink testified in deposition that he did not know what certain wavy, concentric lines (which are not perfect circles) on the diagram represented. Further, Mr. Nunnink did not explain why the wavy, concentric lines appeared to enclose oblong areas on the diagram, while his circles extended an equal distance in all directions from the plant. When asked about the scales used for the diagram, Mr. Nunnink stated that he thought "the map was a little confusing." Mr. Nunnink then admitted that the only information he took from the diagram was his interpretation that it indicated that emissions extended out approximately five hundred meters from the Delphi plant. Based on Mr. Nunnink's acknowledgment that he did not know what the lines on the diagram meant and his apparent lack of understanding of the diagram as a whole, the court concludes that his interpretation of the

diagram does not support a finding that plaintiffs' proposed class definition is reasonable.

Neither does Mr. Grendel's report support certifying a class of members owning property in a perfect circle around the Delphi plant. Mr. Grendel opined that "property with painted surfaces within about 0.5 mile downwind probably received perceptible damage. Property further downwind, perhaps up to 1.0 mile, probably received some damage, but it would be slight enough to be not readily noticed or traced to a particular incident" (emphasis added). Included in Mr. Grendel's report was a dispersion model indicating that the prevailing wind in the area of the plant is from the south. The dispersion model therefore suggests that the wind in the area surrounding the plant does not blow uniformly from every direction. Based on the dispersion report, the court has difficulty accepting that any sulphuric acid emissions would have been dispersed in a perfect circle, particularly since Mr. Grendel opined that they would have been dispersed downwind. Again, Mr. Grendel's report does not support a finding that plaintiffs' proposed class definition is reasonable.

Finally, a diagram showing the location of reported vehicle damage does not support the proposition that property was damaged equidistance in all directions from the plant. Within one thousand meters of the plant, only two reports of vehicle damage east of the plant were made. All other reports were of damage located west of the plant. Such placement of reported vehicle damage seems to suggest that sulphuric acid emissions did not disperse in a perfect circle.

The court recognizes that an analysis of expert opinion of the type explained in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993), is not required at the class certification stage. However, a court should not "certify a class ... on the basis of an expert opinion so flawed that it is inadmissible as a matter of law." *In re Visa Check/MasterMoney Antitrust Litig.*, 192 F.R.D. 68, 76 (E.D.N.Y.2000). Furthermore, D. Kan. Local Rule 23.1(d) places the burden of proof on the party seeking certification "to

present an evidentiary basis to the court showing that the action is properly maintainable" as a class action. Here, the evidence proffered by plaintiffs does not support the proposed definition of the class.

IT IS, THEREFORE, BY THE COURT ORDERED that plaintiffs' motion for class certification (Doc. 23) is denied.

**IT IS SO ORDERED.**