**Lewis F. GEER, et al., Plaintiffs,**

v.

**William D. COX, et al., Defendants.**

**No. 01–2583–JAR.**

United States District Court,
D. Kansas.

Aug. 20, 2003.

James M. Crabtree, Lenexa, KS, James G. Flynn, New York City, for Plaintiff.

Erik P. Klinkenborg, Matthew J. Salzman, Stinson, Morrison, Hecker, LLP, Kansas City, MO, Cheryl L. Reinhardt, Timothy M. O'Brien, Shook, Hardy & Bacon, L.L.P., Overland Park, KS, Gregory M. Bentz, Shughart, Thomson & Kilroy, PC, Kansas City, MO, David L. Charles, Matthew T. Cronin,

Thomas L. Flynn, Belin Lamson McCormick, Zumbach Flynn, Des Moines, IA, William F. Logan, Foland, Wickens, Eisfelder, Roper & Hofer, PC, Kansas City, MO, for Defendant.

David R. Buchanan, Scott A. Hunter, Brown & James, P.C., Kansas City, MO, for Defendant/Third Party Plaintiff.

## MEMORANDUM AND ORDER DENYING MOTION FOR CLASS CERTIFICATION

ROBINSON, District Judge.

In an "Amended Class Action and Derivative Complaint" (Doc. 120), plaintiff Lewis Geer, as a shareholder of TransFinancial Holdings, Inc. ("TransFinancial"), seeks to assert class and derivative causes of action concerning the liquidation sale of assets by Crouse Cartage Company ("Crouse"), a subsidiary of TransFinancial, to RLR Investments and R & L Transfer ("R & L"). This matter is before the Court on plaintiff Lewis Geer's Motion for Class Certification of Count I of the complaint, which alleges a direct claim against directors Cox, Laborde, O'Neil, Hill and Steward ("Individual Defendants") (Doc. 70). Plaintiff also requests the Court appoint him Class representative and his counsel Class counsel. The Individual Defendants have moved to dismiss Count I and have objected to class certification (Doc. 160). Plaintiff has not replied, nor has he requested a hearing on his motion.[1] For the reasons stated below, the Court denies Indi-

vidual Defendant's motion to dismiss as well as plaintiff's motion for class certification.

### Subject matter jurisdiction

The Individual Defendants have asserted that the Court lacks diversity jurisdiction under 28 U.S.C. § 1332(a) because plaintiff has not claimed damages in excess of $75,000, seeking dismissal of Count I[2] and denial of class certification. The Individual Defendants argue that the damages in this case involve valuation of plaintiff's right to vote, which cannot satisfy the $75,000 threshold amount.

■■■ Individual Defendants are correct that the Tenth Circuit and this court have held that each class litigant must satisfy the amount-in-controversy requirement for purposes of diversity jurisdiction.[3] However, these cases involved complaints where only the class action was asserted; in this case, plaintiff has also filed derivative claims on behalf of the corporation. Even assuming that this Court lacks subject matter jurisdiction over the class action because plaintiff's individual claim does not meet the amount in controversy requirement, this Court still has discretion to exercise supplemental jurisdiction over Count I pursuant to 28 U.S.C. § 1367(a).[4] "When a federal court has original jurisdiction over a civil cause of action, § 1367 determines whether it may exercise supplemental jurisdiction over other claims that do not independently come within its jurisdiction, but that form a part of the same Article III case or controversy."[5] Here, In-

---

1. An Amended Scheduling Order (Doc. 135) entered by Magistrate Judge Waxse on February 7, 2003, gave defendants until April 21, 2003 to object to class certification; plaintiff's reply was due on or before May 21, 2003.

2. Individual Defendants also move to dismiss Count I on the grounds that the claim is derivative rather than direct. This issue was also raised by Individual Defendants in a separate Motion to Dismiss (Doc. 132), which has been addressed and denied in a separate order.

3. See Leonhardt v. Western Sugar Co., 160 F.3d 631, 641 (10th Cir.1998); Havens Protected "C" Clamps, Inc. v. Pilkington PLC, 2000 WL 382027 (D.Kan.2000).

4. 28 U.S.C. § 1367(b) provides that, "In any civil action of which the district courts have original jurisdiction founded solely on section 1332 of

this title, the district courts shall not have supplemental jurisdiction under subsection (a) over claims by plaintiffs against persons made parties under Rule 14, 19, 20, or 24 of the Federal Rules of Civil Procedure, or over claims by persons proposed to be joined as plaintiffs under Rule 19 of such rules, or seeking to intervene as plaintiffs under Rule 24 of such rules, when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332." No person in this action is made a party under Rules 14, 19, 20 or 24 of the Federal Rules of Civil Procedure.

5. Jinks v. Richland County, S.C., —— U.S. ——, ——, 123 S.Ct. 1667, 1669, 155 L.Ed.2d 631 (2003).

dividual Defendants have not alleged that the Court lacks diversity jurisdiction over the derivative counts of the complaint, which pray for, in part, compensatory damages on behalf of the corporation for breach of fiduciary duties exceeding $75,000. Count II of the complaint actually restates Count I as a derivative action for violation of § 271, and is part of the same "case or controversy." Accordingly, the Court will exercise supplemental jurisdiction over the class action claim asserted in Count I pursuant to § 1367, and Individual Defendants' motion to dismiss is denied on these grounds.

*Class certification*

Class certification is an issue that is committed to the broad discretion of the trial court.[6] In exercising its discretion, the trial court applies the criteria set forth in Fed. R.Civ. P. 23. The party seeking certification of the class bears the burden of demonstrating that each of the Rule 23 criteria have been met.[7] These include: numerosity, commonality, typicality, and adequacy of representation.[8] Additionally, the action must fit within one of the Rule 23(b) categories. Plaintiff moves for certification under Rule 23(b)(3), which requires that common questions of law and fact predominate over individual questions, and that the adjudication of the matter as a class action would be superior to adjudication on an individual claim-by-claim basis. While a court must not determine the merits of a case in analyzing whether to certify a class, the court must "to some extent, analyze the elements of the claims and defenses of the parties."[9] Further, the Tenth Circuit has stated that any errors in this determination should be made in favor of, rather than against, the maintenance of a class action.[10]

Before evaluating whether plaintiff has met this burden, however, the Court must make a threshold inquiry-has plaintiff defined the Class sufficiently?[11] "Absent a cognizable class, determining whether [p]laintiffs or the putative class satisfy the other Rule 23(a) requirements is unnecessary."[12] "Moreover, it would be impossible to determine whether Rule 23 criteria have been satisfied in the absence of a cognizable class."[13] The definition of the class "is of critical importance because it identifies the persons (1) entitled to relief, (2) bound by the judgment, and (3) entitled to notice in a Rule 23(b)(3) action."[14]

Individual Defendants argue that plaintiff has not met his burden of sufficiently defining the Class. Plaintiff has proposed the following definition for the Class: "All persons, other than defendants, who held the securities of TransFinancial Holdings, Inc., a Delaware corporation, for violation of Section 271 of the Delaware Corporation Law, 8 Del. C. § 271, and for breach of the duty of candor." Individual Defendants contend that this definition is insufficient because it is not limited to shareholders at a relevant or defined time period, but instead defines a class of *all* shareholders who have *ever* held TransFinancial securities.

The Court agrees that plaintiff fails to suggest a relevant time period during which class members must have owned shares in TransFinancial. Presumably, plaintiff intends to include all shareholders at the time of the sale of the Crouse Assets. The Court is troubled by plaintiff's failure to place a

**6.** *Zapata v. IBP, Inc.,* 167 F.R.D. 147, 156 (D.Kan.1996) (citations omitted).

**7.** *Anderson v. City of Albuquerque,* 690 F.2d 796, 799 (10th Cir.1982); *Schreiber v. National Collegiate Athletic Ass'n,* 167 F.R.D. 169, 173 (D.Kan. 1996).

**8.** Fed.R.Civ.P. 23(a).

**9.** *Skeet v. Sears, Roebuck & Co.,* 137 F.R.D. 347, 350 (D.Kan.1991) (quoting *Smith v. MCI Telecomm. Corp.,* 124 F.R.D. 665, 674 (D.Kan.1989) (citation omitted)).

**10.** *Esplin v. Hirschi,* 402 F.2d 94, 99 (10th Cir. 1968), *cert. denied,* 394 U.S. 928, 89 S.Ct. 1194, 22 L.Ed.2d 459 (1969).

**11.** *Vickers v. General Motors Corp.,* 204 F.R.D. 476, 477 (D.Kan.2001).

**12.** *Id.* (quoting *Davoll v. Webb,* 160 F.R.D. 142, 146 (D.Colo.1995)).

**13.** *Id.*

**14.** *Id.* (quoting *Zapata v. IBP, Inc.,* 167 F.R.D. at 156) (quoting Manual for Complex Litigation § 30.14 (3d ed.1995)).

temporal limitation on his proposed Class. However, because this Class definition is subject to refinement based upon further development of the record, and can be expanded or contracted if the facts so warrant, the Court will not deny certification on this basis. Accordingly, the Court will proceed to analyze the Rule 23(a) requirements.

■ Plaintiff's allegations in support of class certification appear to satisfy the first three prongs of Rule 23(a), that is, numerosity, commonality and typicality. However, Rule 23(a)(4) requires that the named representative have common interests with the unnamed class members, and that the named plaintiff's counsel be qualified to "vigorously and adequately prosecute the interests of the class." [15] "This factor is extremely important because of the binding effect which this adjudication would have on all members of the class who do not expressly opt out." [16]

In this case, the Court finds that plaintiff is not a representative that could fairly and adequately represent the interests of the class. Individual Defendants raise questions regarding plaintiff's ability to "fairly and adequately protect the interests of the class." [17] Specifically, Individual Defendants contend that plaintiff is not familiar with the litigation, and has conflicts of interest antagonistic to the shareholders because of his relationship with Gary Lutin, which may or may not be resolved by settlement of the litigation between Lutin and TransFinancial. It is significant that plaintiff has failed to respond to these serious allegations.

More troubling to the Court, however, is that plaintiff's attorneys have not demonstrated that they will vigorously and adequately prosecute the interests of the Class. This finding is based upon the failure of plaintiff's counsel to reply to the Individual Defendants' numerous objections to class certification, combined with counsel's failure to meet discovery deadlines. Plaintiff's counsel has failed to designate any expert witnesses, despite obtaining a generous extension of time to do so. Lack of expert testimony may significantly impact the direct action for breach of § 271, in terms of proving the value of the shareholder's right to vote and any disenfranchise of that right. While the Court does not relish criticizing members of the bar, it appears in this case that there is some question about the diligence of plaintiff's counsel in aggressively pursuing class discovery, and it is beyond explanation that counsel has failed whatsoever to defend the numerous objections to class certification. The record in this case simply does not reflect that plaintiff's counsel will vigorously prosecute this action. Consequently, upon consideration of the rights of absentee class members who would be bound by this adjudication, the Court finds that plaintiff has failed to carry his burden pursuant to Rule 23(a)(4) with respect to the adequacy of representation which he and his chosen counsel will provide, and class certification should be denied.[18]

**IT IS THEREFORE ORDERED BY THE COURT** that the Individual Defendant's motion to dismiss Count I is DENIED.

**IT IS FURTHER ORDERED** that plaintiff's motion for class certification is DENIED.

IT IS SO ORDERED.

---

**15.** *Skeet,* 137 F.R.D. at 351 (citations omitted).

**16.** *Id.* (citing *Key v. Gillette Co.,* 782 F.2d 5, 7 (1st Cir.1986)).

**17.** *Klocek v. Gateway, Inc.,* 104 F.Supp.2d 1332, 1343–44 (D.Kan.2000).

**18.** *See Skeet,* 137 F.R.D. at 351 (same). *Cf. Northern Natural Gas Co. v. Grounds,* 292 F.Supp. 619, 635 (D.Kan.1968), *aff'd in part, rev'd in part on other grounds,* 441 F.2d 704 (10th Cir.), *cert. denied* 404 U.S. 951, 92 S.Ct. 268, 30 L.Ed.2d 267 (1971) (Rule 23(a)(4) satisfied because work of plaintiffs' counsel was of the highest quality).