**Barbara J. KEY, Plaintiff,**

v.

**The GILLETTE COMPANY, Defendant.**

**Civ. A. No. 75–4934–C.**

United States District Court,
D. Massachusetts.

Feb. 7, 1985.

Robert J. Pleshaw, Washington, D.C., Douglas F. Seaver, James J. Marcellino, Gaston Snow & Ely Bartlett, Daniel Bickford, Boston, Mass., for plaintiff.

Richard L. Neumeier, Parker, Coulter, Daley & White, Boston, Mass., for defendant.

**MEMORANDUM**

CAFFREY, Chief Judge.

The matter before the Court arises from a civil action brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* Plaintiff Barbara Key alleges that the defendant Gillette Company unlawfully discriminated against her on the basis of her sex while she was employed by the company. Plaintiff seeks to represent a class of women who held salaried, non-hourly positions at three Gillette facilities in Massachusetts during the years 1968–1975.

On September 11, 1979, another Judge of this Court tentatively certified the case as a class action pursuant to Fed.R.Civ.P.

---

23(b)(2). Certain modifications to the class were then ordered by this Court on June 19, 1981. *Key v. Gillette Co.*, 90 F.R.D. 606 (D.Mass.1981). After a five day trial, the Court revoked the class certification and entered judgment for defendant on plaintiff's individual claim. *Key v. Gillette Co.*, 29 Empl.Prac.Dec. (CCH) ¶ 32, 909 (D.Mass. June 21, 1982). On appeal, the Court of Appeals for the First Circuit affirmed the dismissal of Ms. Key's individual claim, but vacated the order decertifying the class. The Court of Appeals, without stating that any erroneous ruling of any kind was made at the trial, remanded the case to this Court for reconsideration of the issue of class decertification in light of certain arguments which were not raised or ruled on in the trial court and which were raised by plaintiff for the first time on appeal.

Plaintiff sets forth three separate grounds for her assertion that the Court erred in decertifying the class which she wishes to represent. First, plaintiff maintains that the Court erroneously believed that it should decertify the class simply because she lost. Second, she asserts that decertification effectively bars all other members of the class from raising their claims, because the statute of limitations has run on their cause of action. Finally, she indicates that other members of the class would have been willing to participate in the suit after plaintiff lost if they had been given the opportunity to do so.

I rule that none of plaintiff's arguments have merit. This court's opinion of June 21, 1982 clearly indicates that Ms. Key's inability to support her individual claim of unlawful discrimination was by no means the sole basis for the Court's decision to decertify the class. In so ruling, this Court had in mind that plaintiff voluntarily terminated her employment at Gillette and accepted a position with another employer, thus effectively terminating any commonality of interest between her and the Gillette employees alleged to be members of the putative class. Additionally, the class was decertified because plaintiff did not "fairly and adequately protect the interests of the class" at trial, as required by Fed.R.Civ.P. 23(a)(4). One important component of adequate representation is the adequacy of trial counsel, *Eisen v. Carlisle & Jacquelin*, 391 F.2d 555 (2nd Cir.1968), *remanded on other grounds*, 417 U.S. 156, 94 S.Ct. 2140, 40 L.Ed.2d 732 (1974) a factor which often cannot be assessed properly prior to trial. *Cullen v. New York State Civil Service Commission*, 566 F.2d 846 (2nd Cir.1977); 3B J. Moore, Moore's Federal Practice ¶ 23.07 [1.–1] (2nd ed. 1982).

After trial, this court found that the attempts of plaintiff's counsel to present the class-wide claim at trial were ineffective and inappropriate, and did not advance the class' cause of action. In his opening statement, counsel for the plaintiff informed the Court that he thought it unnecessary to present any evidence explaining "regression analysis," a statistical procedure on which plaintiff's expert relied heavily to formulate his opinions concerning defendant's discriminatory practices. Plaintiff's counsel compared regression analysis to a computer and a breathalyzer, and stated that, in the 1980's, this statistical procedure was merely a "black box," whose workings required no explanation or proof. In its opinion of June 21, 1982 this Court expressed its strong disagreement with counsel's position concerning the need for evidence explaining the performance of regression analyses. Therefore, I now explicitly rule that counsel's deliberate tactical decision to omit testimony regarding a statistical procedure which was crucial to his attempts to establish a class-wide discrimination claim constitutes inadequate representation.

In addition, plaintiff's counsel utilized expert testimony which was so seriously flawed that this court, as the finder of fact, declined to place any reliance on it. For example, statistical expert Arthur Schleifer made gratuitous assumptions as to employees' previous work experience based solely upon their age at the time of hiring. The use of such poorly supported and non-persuasive testimony reflects on the ability of

plaintiff's counsel to litigate a class action of the dimensions presented in this case. Because of counsel's lackluster performance at trial, I rule that it would be improper and unfair to allow plaintiff to maintain her claim as a class action.

The additional arguments which plaintiff presented to the Court of Appeals do not affect this Court's conclusion regarding the propriety of decertification. Contrary to plaintiff's assertion that the statute of limitations governing the class claims has now run, the rights of other members of the class to bring suit will *not* be prejudiced by decertification. It is well established that the filing of a class action tolls the statute of limitations for the members of the class until class certification is denied or the class is decertified. *Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345, 103 S.Ct. 2392, 76 L.Ed.2d 628 (1983); *Chardon v. Soto*, 462 U.S. 650, 103 S.Ct. 2611, 77 L.Ed.2d 74 (1983). Therefore, plaintiff's action has not deprived other class members of any part of the time period which the applicable statute provides for filing suit.

Plaintiff also maintains that other class members would have participated in this suit after plaintiff lost if they had been asked to do so. The records of this Court indicate, however, that *all* class members were notified that plaintiff's case had been dismissed and that the class had been decertified. These notices elicited no response whatsoever from any putative class member. This lack of interest argues strongly that none of the claimed class members have any interest in prolonging this ancient litigation further.

For the reasons set forth in this opinion, I rule that class certification should be denied.

Order accordingly.