**Barbara J. KEY, Plaintiff, Appellant,**

v.

**GILLETTE COMPANY,**
**Defendant, Appellee.**

No. 85–1251.

United States Court of Appeals,
First Circuit.

Argued Sept. 6, 1985.
Decided Jan. 24, 1986.

Douglas F. Seaver with whom Timothy Q. Feeley and Gaston Snow and Ely Bartlett, Boston, Mass., were on brief for plaintiff, appellant.

Richard L. Neumeier with whom Gary D. Buseck and Parker, Coulter, Daley & White, Boston, Mass., were on brief for defendant, appellee.

Before CAMPBELL, Chief Judge, BOWNES, Circuit Judge, and CEREZO,* District Judge.

CEREZO, District Judge.

The issue in this appeal is whether the district court abused its discretion in revoking the class certification, 104 F.R.D. 139 (D.C.Mass.), after the court had ruled against the plaintiff on her individual claim.

Barbara J. Key filed this sex discrimination in employment action on behalf of herself and all women who held any exempt position (salaried, nonhourly employees) at any of the Massachusetts facilities of The Gillette Company during the years 1968 through 1975, inclusive. It was alleged that Gillette regularly paid women less than comparably qualified men and relegated women to the lower paying job grades.

The issue of certification has been forcefully argued since the early stages of this litigation and has been a constant source of controversy. When the class was originally certified in 1979, notice was sent to all potential members of the class, inviting them to intervene if they so desired. None responded to this notice. Following a bench trial, the court dismissed plaintiff's individual claim and decertified the class. Plaintiff only appealed from the judgment of the district court with respect to the issue of decertification. The case was remanded in 1983 to allow the district court to decide that issue after hearing argument on the possibility that the statute of limitations had run on the claims of other members of the class and on appellant's representation that others in the class would have come forward to participate in the litigation, if so requested, once they learned that she had lost. The parties were given time to file memoranda on these matters. On remand, the district court rejected these arguments stating that the limitations period was tolled during the time that the class action was pending and that class-wide notices elicited no response whatsoever from any putative class member. The district court also observed that Key's inability to support her individual claim of discrimination was by no means the sole basis for its prior decision to decertify.

On this second appeal, appellant does not challenge the court's disposition of the two matters which prompted a remand. Instead, she has renewed her general objection to the decertification ruling as being erroneous and seeks a detailed review of the merits of the case arguing that the district court acted on an erroneous premise when it applied Rule 23 criteria. The applicable standard of review is whether

* Of the District of Puerto Rico, sitting by designation.

the district court abused its discretion in decertifying the class. We find there was no abuse of discretion. *See DeGrace v. Rumsfeld,* 614 F.2d 796, 809, n. 12 (1st Cir.1980); *Lamphere v. Brown University,* 553 F.2d 714, 720 (1st Cir.1977).

As both parties recognize, all four requirements of Rule 23(a) must be met in order for certification of a class to be proper. *Katz v. Carte Blanche Corporation,* 496 F.2d 747, 756 (3rd Cir.), *cert. denied,* 419 U.S. 885, 95 S.Ct. 152, 42 L.Ed.2d 125 (1974). One of the most important of these requirements is that the representative party fairly and adequately represent the interests of the class. Rule 23(a)(4). This requirement is particularly important because the due process rights of absentee class members may be implicated if they are bound by a final judgment in a suit where they were inadequately represented by the named plaintiff. *Dierks v. Thompson,* 414 F.2d 453, 456 (1st Cir.1969); *see also Scott v. University of Delaware,* 601 F.2d 76, 85 (3rd Cir.), *cert. denied,* 444 U.S. 931, 100 S.Ct. 275, 62 L.Ed.2d 189 (1979); *National Ass'n of Regional Medical Programs, Inc. v. Mathews,* 551 F.2d 340, 346 (D.C.Cir.), *cert. denied,* 431 U.S. 954, 97 S.Ct. 2674, 53 L.Ed.2d 270 (1977); *Helfand v. Cenco, Inc.,* 80 F.R.D. 1, 7 (N.D.Ill.1977). An essential ingredient of this requirement is that the class representative's attorneys be qualified to vigorously and adequately prosecute the interests of the class. *Wetzel v. Liberty Mutual Insurance Co.,* 508 F.2d 239, 247 (3rd Cir.), *cert. denied,* 421 U.S. 1011, 95 S.Ct. 2415, 44 L.Ed.2d 679 (1975). The court has an ongoing duty to make sure that this requirement is complied with at all stages of the litigation. *In re General Motors Corp. Engine Interchange Litigation,* 594 F.2d 1106, 1124 (7th Cir.), *cert. denied, Oswald v. General Motors Corp.,* 444 U.S. 870, 100 S.Ct. 146, 62 L.Ed.2d 95 (1979); *Grigsby v. North Miss. Medical Center, Inc.,* 586 F.2d 457, 462 (5th Cir.1978). In the present case, the district court found that the weak presentation of the individual discrimination claim, the serious deficiencies in the methodology of the principal expert, the failure of appellant's attorney to present the expert's testimony in a manner that could be understood by the court and his general lackluster performance during trial all reflected appellant's inability to "fairly and adequately protect the interests of her class." Whether or not the court "operated under [an] erroneous legal premise[ ]," *DeGrace,* 614 F.2d at 809, n. 12, in applying Rule 23(a)(2)'s commonality of interest requirement, there was sufficient basis in the record to decertify because the requirement of fair and adequate representation of rule 23(a)(4) was not met. *Cf. Wrighten v. Metropolitan Hospitals, Inc.,* 726 F.2d 1346, 1352 (9th Cir.1984) (no abuse in discretion in not certifying class based on doubts as to competency of counsel). The district court's decertification ruling was really intended to protect absentee class members from the possible adverse res judicata effects of the case and to preserve for them the opportunity of presenting a better prepared case in the future. Its ruling was not an abuse of discretion and is, therefore,

*Affirmed.*