Willie N. MAYFIELD, et al., Plaintiffs,

v.

Edwin MEESE, III, Defendant.

Civ. A. No. 86–435.

United States District Court,
District of Columbia.

Nov. 15, 1988.

Kerry Alan Scanlon, Langley R. Shook, Darren Sharpe, Washington, D.C., for plaintiffs.

Richard E. Greenberg, Andrea Newmark, U.S. Dept. of Justice, Washington, D.C., for defendant.

## MEMORANDUM ORDER

JOHN H. PRATT, District Judge.

This is a Title VII class action alleging race discrimination in promotion and training by the Tax Division of the Department of Justice ("Tax Division").[1] Plaintiffs allege that either the Tax Division engaged in a "pattern or practice" of race discrimi-

---

**1.** Plaintiffs filed this individual and class action seeking declaratory and injunctive relief and back pay for violations of § 717 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e–16.

nation against blacks (disparate treatment) or that the Justice Department's Merit Promotion Guidelines and Merit Promotion Plan [2] have an adverse impact on blacks (disparate impact) that violates Title VII. Plaintiffs challenge the validity of the promotion system and allege that *ad hoc* and subjective judgments are endemic to the Tax Division's promotion procedures.

In September, 1987 the court conditionally certified a class representing all black non-attorneys in the Tax Division who were employed by the Division on or after June 5, 1984 and whose claims of systematic discrimination were substantially identical to those of the representative plaintiff Willie Mayfield. Within that class the court conditionally certified two subclasses of individuals: those alleging systematic discrimination in the Tax Division's competitive promotion decisions (subclass A) and those alleging systematic discrimination in the Tax Division's reclassification decisions (subclass B). With respect to subclass A, the court reaffirmed its April 24, 1987 order that subclass A includes only those plaintiffs who, like Mr. Mayfield, bypassed the competitive promotion process because of an alleged sense of "futility." Although cognizant that evidence produced to prove systematic discrimination will touch on issues common to black non-attorneys who actually entered the formal competitive selection process, the court declined to expand subclass A to include those individuals. The court reasoned that, unlike possible discrimination claims by those who actually applied for competitive promotions, Mayfield's claims must be proved with evidence demonstrating it would have been futile *to apply* for a promotion. Thus, what 'caused' Mayfield to forego the competitive process is at issue in subclass A. With respect to subclass B, the court permitted Mayfield to represent both reclassification applicants and non-applicants on this discrimination charge because Mayfield actually sought advancement through this method. This class was limited, however, to those individuals who as of June 5,

1984 were at the top of their career ladders, or those who, since June 5, 1984, had reached the top of their career ladders. Finally, the court ordered that either party could move to alter or modify the conditional certification order if later claims or defenses so warranted.

The court also outlined what evidence defendant could introduce to defeat plaintiffs' claims of systematic discrimination at Stage I of the proceedings. At this stage the common issues of the actual existence of a discriminatory system of promotion or reclassification are litigated. Establishing that it was not futile to apply for a promotion in the Tax Division would defeat plaintiffs' subclass A discrimination claims. The court contemplated that subclass B's discriminatory reclassification claims, based largely on statistical evidence, could be rebutted by factually specific data.

At this juncture the court has before it defendant's Motion for Summary Judgment against subclasses A and B. In the alternative, defendant requests the court to reconsider its certification of subclass B or to certify that question to the Court of Appeals under 28 U.S.C. § 1292(b). In its opposition to defendant's motion, plaintiffs, for the third time, request reconsideration of the representative restrictions placed on subclass A or, alternatively, certification to the Court of Appeals under 28 U.S.C. § 1292(b). We discuss the merits of each motion in turn.

I

In its attack on subclass A, defendant's Motion for Summary Judgment asserts that it is not now nor has it ever been futile for blacks to apply for promotion in the Tax Division. In support of this position defendant states that "of the 140 non-attorney competitive promotion vacancies filled in the Tax Division since June 5, 1984, 56% were filled by blacks, one of whom was Mayfield himself. The Tax Di-

---

2. Board and Divisions, OBD 1335.1a (dated July, 1972 and revised as OBD 1335.1, effective October, 1984).

vision also states that since 1980[3], 51% of non-attorney competitive promotions have gone to blacks although blacks constituted only 48% of the work force. These statistics, the Tax Division asserts, combined with the courts' narrow application of the futility doctrine, *see Int'l Brotherhood of Teamsters, et al. v. United States*, 431 U.S. 324, 97 S.Ct. 1843, 52 L.Ed.2d 396 (1976), demonstrate the "absence of a futility claim" and entitle the defendant to summary judgment as a matter of law.

In opposition to defendant's motion, plaintiffs rely on a number of affidavits, primarily anecdotal in nature, which are intended to show specific acts of discriminatory promotion practices utilized in the Tax Division.[4] They also offer the deposition of the Tax Division's Executive Officer as proof that the Tax Division's white supervisors were cognizant of plaintiffs' desires for promotions. According to plaintiffs, these affidavits reveal that black employees were discouraged from applying for promotions. Plaintiffs assert that "at a minimum" they have presented proof "sufficient to raise a factual question for trial concerning whether it was futile for black non-attorney employees in the Division to apply for promotions." (Plaintiffs' Brief at 11–12). Plaintiffs argue that defendant's statistics are "highly selective," disclose only the "mere frequency of undifferentiated and unexplained promotions," and do little to elucidate the detrimental effect of improper job postings and "detailing" on blacks in the department. Faced with these "contrary proofs," plaintiffs assert that defendant has not proved the absence of futility.

At the heart of this case rests plaintiffs' allegations that the Tax Division discriminated against members of subclass A with respect to promotions and training. As this case presently stands, it is not reducible to questions of law which can be resolved on a summary judgment motion. A court's first inquiry on a motion for summary judgment is whether "a genuine issue as to any material fact" exists. Fed.R. Civ.P. 56(c). The court is not empowered *to try* issues of fact on a Rule 56 motion but is restrained to determine only whether triable issues exist.[5] *Associated Electric Coop. Inc. v. Morton*, 507 F.2d 1167, 1178 n. 20 (D.D.C.1974), *cert. denied*, 423 U.S. 830, 96 S.Ct. 49, 46 L.Ed.2d 47; 10A C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure* § 2712, pp. 574–75 (1983).

Plaintiffs' opposition rests primarily on two assertions: first, that the six affidavits describing incidences of a subjective and discriminatory promotion process are sufficient to propel this case forward to trial, and second, their contention that defendant's statistics, which assert that blacks were promoted more often than whites during the charge-filing period, do not focus on the relevant time period.[6] The court notes,

3. The Tax Division states that this is the earliest period for which records exist. (Defendant's Motion p. 6)

4. Plaintiffs also offer the deposition of Earl McConn, the Executive Officer of the Tax Division, which is intended to support plaintiffs' allegation that Tax Division employees were detailed to vacant positions prior to the vacancies being posted.

5. As a general rule, courts generally refrain from granting summary judgment motions when confronted with an inadequate or incomplete record. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986) (consideration of summary judgment motions appropriate only after adequate time for discovery). So too in discrimination suits, a favorable ruling on a summary judgment motion is inappropriate when questions of material fact exist concerning a discriminatory pattern or practice. *McKenzie v. Sawyer*, 684 F.2d 62, 67 (D.D.C.1982); 10A C. Wright, A. Miller & M. Kane, *Federal Practice & Procedure* § 2732.2, p. 361 (1983). Cases requiring a determination regarding motive or intentions are particularly unsuitable for summary judgment. 10A C. Wright, A. Miller & M. Kane, *Federal Practice & Procedure* § 2732.2, p. 351.

6. Plaintiffs' opposition also states that the summary judgment motion must fail because defendant's statistics "do not disprove the factual statements contained in plaintiffs' affidavits." Plaintiffs clearly misconstrue their burden in opposing a summary judgment motion. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986) ("[w]e find no express or implied requirement in Rule 56 that the moving party support its motion with affidavits or other similar materials *negating* the opponent's claim." (emphasis their own)).

however, that statistical evidence demonstrating a continuing system of discrimination and disparities between similarly situated blacks and whites, which plaintiffs promised would be forthcoming once they had access to the Tax Division's records (*see* plaintiffs' Opposition to Defendant's Motion to Dismiss pp. 24, 35), has not yet been produced.[7] Nonetheless, the sworn affidavits raise genuine issues of disputed fact as to whether members of Mr. Mayfield's class were discouraged from applying for promotions. Given that plaintiffs must be afforded the benefit of all favorable inferences, *United States v. General Motors Corp.,* 518 F.2d 420, 441 (D.C.Cir. 1975), we conclude that plaintiff has "survived the rigors of demonstrating the potential for a prima facie case at trial." *Abraham v. Graphic Arts Int'l Union,* 660 F.2d 811, 817 (D.C.Cir.1981).[8] A denial of summary judgment is not a decision on the merits and plaintiffs may be unable to carry the ultimate burden of persuading the court that they have been victims of a pattern or practice of employment discrimination. *See Texas Dep't of Community Affairs v. Burdine,* 450 U.S. 248, 256, 101 S.Ct. 1089, 1095, 67 L.Ed.2d 207 (1981). We hold here only that issues of material fact exist which preclude a present finding for defendant.

## II

In our September 1, 1987 order, we conditionally certified a subclass of individuals alleging systematic discrimination in the Tax Division's reclassification decisions (subclass B). Mr. Mayfield's affidavits clearly demonstrate that he attempted to obtain promotions by this route. The court gave Mr. Mayfield the opportunity to show that the Tax Division's reclassification decisions were made in a manner evidencing systemic race discrimination. The court permitted Mayfield to represent both re-

classification applicants and non-applicants on this discrimination charge because Mayfield actually sought advancement through this method. This class was limited, however, to those individuals who as of June 5, 1984 were at the top of their career ladders, or those who, since June 5, 1984, had reached the top of their career ladders. The court contemplated that this conditional certification might succumb to factually specific data produced by the Tax Division.

To satisfy the requirements of Rule 23(a), Federal Rules of Civil Procedure, Mr. Mayfield may sue as a representative party on behalf of all class members if 1) the class is so numerous that joinder of all members is impracticable, 2) there are questions of law or fact common to the class, 3) the claims or defenses of the representative party are typical of the claims or defenses of the class, and 4) the representative party will fairly and adequately protect the interests of the class. "The burden of establishing and maintaining the requirements of Rule 23 rests, of course, with the party seeking certification." *Int'l Woodworkers v. Chesapeake Bay Plywood,* 659 F.2d 1259, 1267 (4th Cir.1981). All four of the requirements of Rule 23(a) must be met for the certification to be appropriate. Not the least of these is that the representative party fairly and adequately represent the interests of the class. This requirement is particularly important because of the potential due process effects of a final judgment on absent class members if they were inadequately represented by the named plaintiff. *See Key v. Gillette Co.,* 782 F.2d 5, 6–7 (1st Cir.1986); *National Ass'n of Regional Medical Programs, Inc. v. Mathews,* 551 F.2d 340, 346 (D.C.Cir. 1976), *cert. denied,* 431 U.S. 954, 97 S.Ct. 2674, 53 L.Ed.2d 270 (1977).

To successfully resist a motion for summary judgment, a plaintiff, either individually or as representative of the class, must

---

7. Plaintiffs have represented at various times that statistical evidence will be presented at trial which "will establish that defendant's subjective and arbitrary employment practices adversely affected members of the class to a statistically significant extent." Plaintiffs' Reply Memorandum in Further Support of Their Motion for Class Certification; Plaintiff's Opposition to Defendant's Motion for Summary Judgment.

8. This court, however, repeats its warning that it will not permit plaintiffs an indefinite time in which to "analyze" the discovery materials supplied by defendant.

produce evidence countering that presented by the moving party. The governing rule, Rule 56(e), Fed.R.Civ.P., in the appropriate part states:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon mere allegations, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts, showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment if appropriate, shall be entered against the adverse party.

Mr. Mayfield has not responded to defendant's motion with respect to subclass B (those alleging discrimination in the Tax Division's reclassification system).[9] Thus, he has not sustained the requirements for either Rule 23(a)(4) or Rule 56(e). We, therefore, grant summary judgment as to Mr. Mayfield individually.

Rule 23(c)(1) provides that an order involving class status may be "altered or amended" before a decision on the merits is reached. Thus, a conditional certification, such as the certification subclass B, is "inherently tentative." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 98 S.Ct. 2454, 57 L.Ed.2d 351 (1977). We, therefore, refrain from ruling on defendant's motion for summary judgment with respect to the remaining members of former subclass B. Instead, we decertify subclass B in order to protect the absentee members of said former class from any adverse effects of this ruling.[10] Accordingly, defendant's Motion for Reconsideration is moot.

### III

■ Plaintiffs, for the third time, ask this court to expand Mr. Mayfield's representation to include those black employees who applied for competitive promotions. However, this court has twice limited Mr. Mayfield's representation to those who did not apply for competitive promotions at the Tax Division. One reason was that we concluded from the record that Mr. Mayfield did not apply for a promotion. Another reason was a concern for the possible *res judicata* effects on absent class members in the event plaintiffs did not prevail on the merits. Unlike individuals who did apply for promotions, Mr. Mayfield must prove that he did not apply for a promotion with evidence that it would have been futile to do so. At this point, plaintiffs have not yet produced sufficient evidence on the futility issue to convince the court that its prudential concerns are unwarranted.

Plaintiffs advance a new theory to support an extension of the class. Plaintiffs contend that Tax Division employees are promoted on the basis of a recommendation of their supervisors. However, nothing in the available record suggests that a supervisor's recommendation supplants the formal application procedures. Thus, once again, we will not expand the plaintiffs' class to include those members who did not apply for promotions.

■ Alternatively, plaintiffs ask this court to certify for appeal its ruling with respect to subclass A in its September Memorandum Order under 28 U.S.C. § 1292(b). Certification to the Court of Appeals is discretionary power vested in the trial judge, *see Coopers & Lybrand v. Livesay*, 437 U.S. 463, 474–75 & n. 25, 98 S.Ct. 2454, 2461, & n. 25, 57 L.Ed.2d 351 (1978), and should be granted only when "the ultimate *termination* of the litigation" will be materially advanced and result in "a substantial savings of time and resources." *See Deposit Guaranty Nat'l Bank v. Roper, et al.*, 445 U.S. 326, 336 & n. 8, 100 S.Ct. 1166, 1173 & n. 8, 63 L.Ed.2d 427 (1980). Because this court believes that an expansion of subclass A would be inapposite to these purviews, we decline to certify this question to the Court of Appeals.

---

**9.** This may be because plaintiffs did not request class certification of this sub-class or because plaintiffs are unable to make the "largely statistical" showing contemplated by this court's September 1, 1987 order.

**10.** These former members of subclass B still have the burden of proving systemic discrimination in the Tax Division's reclassification decisions.

## CONCLUSION

Accordingly, it is by this court this ___ day of November, 1988

ORDERED that defendant's Motion for Summary Judgment is denied with respect to subclass A; and it is

ORDERED that defendant's Motion for Summary Judgment with respect to subclass B is granted; and it is

ORDERED that plaintiff's motion to expand subclass A to include all black non-attorneys at the Tax Division who had applied for a promotion is denied; and it is

FURTHER ORDERED that plaintiff's request for certification to the Court of Appeals under 28 U.S.C. § 1292(b) is denied.