[NOT FOR PUBLICATION—NOT TO BE CITED AS PRECEDENT]

# United States Court of Appeals

## For the First Circuit

No. 99-1907

LYNN M. LABOMBARD,

Plaintiff, Appellant,

v.

TEXTRON AUTOMOTIVE INTERIORS COMPANY,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW HAMPSHIRE

[Hon. James R. Muirhead, U.S. Magistrate Judge]

Before

Torruella, Chief Judge,
Boudin and Lipez, Circuit Judges.

Lynn Labombard on brief pro se.
Debra Dyleski-Najjar and Hinckley, Allen & Snyder, LLP on brief for appellee.

March 30, 2000

**Per Curiam**.  We deny the appellant's request for oral argument.

After carefully considering the briefs and record on appeal, we affirm the judgment below for substantially the reasons stated by the district judge.  The plain language of the statute limits liability to aggrieved employees who suffer an employment loss <u>as a result of</u> a plant closing.  29 U.S.C. § 2104(a)(1).  The statutory language is decisive.  <u>A.M. Capen's Co. Inc.</u> v. <u>American Trading and Production Corporation</u>, 202 F.3d 469, 473 (1st Cir. 2000); <u>Brady</u> v. <u>Credit Recovery Company, Inc</u>., 160 F.3d 64, 66-67 (1st Cir. 1998).  At summary judgment, it was undisputed that the appellant lost her job for other reasons.  In addition, the appellant was not in a position to represent other employees. *See* <u>Key</u> v. <u>Gillette Company</u>, 782 F.2d 5 (1st Cir. 1986); <u>Andrews</u> v. <u>Bechtel Power Corporation</u>, 780 F.2d 124, 130 (1st Cir. 1985).

Without deciding the merits of such a motion, we deny at this time the appellee's motion for fees or costs based on the alleged frivolousness of this appeal.  The appellee must comply with the local rules in seeking any such relief.

<u>Affirmed</u>. Loc. R. 27(c).