# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### Assigned On Briefs December 9, 2010

## DONALD J. ROBERTS IRA, ET AL. v. PHILLIP H. MCNEILL, SR., ET AL.

**Interlocutory Appeal by Permission from the Circuit Court for Shelby County**
**No. CT-004955-07      Jerry Stokes, Judge**

---

**No. W2010-01000-COA-R9-CV - Filed February 23, 2011**

---

This is an interlocutory appeal from a class certification.  The named plaintiffs, former owners of preferred stock in Equity Inns, Inc., filed a class action against the company's former directors.  Their amended complaint asserted breaches of the fiduciary duties allegedly owed to the preferred shareholders during the negotiation and approval of a merger. The trial court granted the plaintiffs' motion for class certification with respect to "[a]ll holders of Equity Inns preferred stock as of June 21, 2007."  We vacate and remand for further consideration.

**Tenn. R. App. P. 9 Interlocutory Appeal By Permission; Judgment of the Circuit Court Vacated and Remanded**

DAVID R. FARMER, J., delivered the opinion of the Court, in which HOLLY M. KIRBY, J. and J. STEVEN STAFFORD, J., joined.

John S. Golwen, Annie T. Christoff, Memphis, Tennessee and Edward J. Fuhr and Trevor S. Cox (*pro hac*), Richmond Virginia, for the appellants, Phillip H. McNeill, Sr., Howard A. Silver, Harry S. Hays, Raymond E. Schultz, Robert P. Bowen and Joseph W. McLeary.

Alan G. Crone, Memphis, Tennessee, and Lee A. Weiss (*pro hac vice*), New York, NY, for the appellees, Donald J. Roberts IRA, Dr. James M. Byers IRA Rollover, Patrick Svoboda IRA, Svoboda Realty, Inc. Defined Benefit Plan, and Jack Fulton.

## OPINION

### I.  Background and Procedural History

This appeal follows the merger of Equity Inns, Inc. ("Equity Inns" or the "Company")

into the Whitehall Street Global Real Estate Limited Partnership 2007 ("Whitehall"). Equity Inns functioned as a publicly held real estate investment trust based in Memphis, Tennessee which through its operating partnership owned 133 hotel properties in 35 states. In 2007, its Board of Directors unanimously approved a definitive merger agreement under which the privately held Whitehall would acquire Equity Inns in a transaction valued at approximately $2.2 billion. The merger agreement provided owners of Equity Inns common stock $23 per share in cash, a premium of approximately 28% over the stock's 90 day average closing share price or approximately 19% over its closing share price on June 20, 2007. The agreement provided holders of Equity Inns's two classes of preferred stock, Series B and Series C, preferred stock in Whitehall having identical dividend and other relative rights, preferences, limitations, and restrictions as their existing shares.[1] The common stockholders, including Jack Fulton, voted to approve the merger. The transaction closed on October 25, 2007.

The named plaintiffs, Donald J. Roberts IRA, Dr. James M. Byers IRA Rollover, Patrick Svoboda IRA, Svoboda Realty Inc. Defined Benefit Plan, and Jack Fulton ("Plaintiffs"), filed this class action as amended against the defendants, Phillip H. McNeill, Sr., Howard A. Silver, Harry S. Hays, Raymond E. Schultz, Robert P. Bowen, and Joseph W. McLeary ("Directors").[2] Their amended complaint asserted Directors owed the holders of Equity Inns preferred stock the "utmost fiduciary duties of due care, loyalty, and good faith." Directors allegedly violated these fiduciary duties when they approved a merger that greatly benefitted the common stockholders, including Directors, without properly evaluating the impact of the merger on preferred shareholders. According to Plaintiffs, the announcement of the merger caused a foreseeable diminution in the value of their preferred stock because Whitehall was not subject to the reporting requirements of the Securities Exchange Act of 1934 and investors were unable accurately to value Whitehall's preferred stock. Plaintiffs alleged Directors' breaches caused 32% and 33% decreases in the value of Equity Inns' Series B and Series C preferred stock, respectively, prior to the closing of the merger. Plaintiffs concluded that, by approving the merger and electing not to redeem the preferred stock for cash, Directors impermissibly increased the payout for common stock to the detriment of the preferred shareholders.

Directors responded with a motion to dismiss the complaint under Rule 12.02(6) of the Tennessee Rules of Civil Procedure for failure to state a claim upon which relief could be granted. Directors argued, in part, that Plaintiffs based their complaint on general

---

[1]Directors state the agreement also provided Series C shareholders an increased dividend rate in their new shares of Whitehall preferred stock consistent with the terms of the Series C stock certificate.

[2]The original complaint did not name Jack Fulton as a plaintiff. The trial court later granted a motion to amend the complaint to add Mr. Fulton over the objection of Directors.

fiduciary duty principles that do not apply when determining the rights of preferred shareholders in Tennessee. Directors maintained the rights of preferred shareholders are governed by contract and, thus, Plaintiffs failed to state a claim because they did not allege a breach of contract. Directors contended in the alternative that both the business judgment rule and an exculpatory provision in the Company's corporate charter precluded recovery. The trial court denied Directors' motion to dismiss but granted permission to seek interlocutory appeal pursuant to Rule 9 of the Tennessee Rules of Appellate Procedure, which this Court and the Tennessee Supreme Court denied. Directors thereafter filed an answer asserting various affirmative and other defenses.

Plaintiffs moved to certify a class of "[a]ll holders of Equity Inns preferred stock as of June 21, 2007" and to appoint Donald J. Roberts IRA, Dr. James M. Byers IRA Rollover, and Jack Fulton as representatives of the class.[3] Plaintiffs' motion and initial supporting memorandum argued the class representatives satisfied all requirements of Rule 23.01 and 23.02(3) of the Tennessee Rules of Civil Procedure. Directors disagreed and submitted a detailed response arguing, *inter alia*, that the proposed representatives satisfied neither the typicality nor the adequacy of representation requirements of Rule 23. Plaintiffs submitted a memorandum in reply, seeking to counter the arguments of Directors and further support their motion. On March 2, 2010, the trial court conducted a fairly lengthy hearing during which the parties asserted their positions. Rather than announce a decision at the conclusion of the hearing, the court took the matter under advisement.

On April 26, 2010, the trial court granted Plaintiffs' motion for class certification with respect to "the named class representatives" in an order that set forth relevant facts, offered the court's legal conclusions, and incorporated by reference the transcript of the parties' oral hearing. The court expressly acknowledged that the burden to demonstrate compliance with Rule 23.01's requirements—numerosity, commonality, typicality, and adequacy of representation—rested with Plaintiffs. Upon examination of the issues, the court concluded Plaintiffs carried their burden. The court also concluded Plaintiffs demonstrated a basis for certification under Rule 23.02(3). Directors filed an application for interlocutory appeal pursuant to Rule 9 of the Tennessee Rules of Appellate Procedure and Tennessee Code Annotated section 27-1-125, which this Court granted.

---

[3]The trial court's order cited Donald J. Roberts IRA, Patrick Svoboda IRA, and Svoboda Realty Inc. Defined Benefit Plan as the proposed class representatives for the Series B preferred shareholders and Jack Fulton as the proposed class representative for Series B and C preferred shareholders. But Plaintiffs' motion for class certification and accompanying memoranda sought appointment of Dr. James M. Byers IRA Rollover as a class representative, not Patrick Svoboda IRA or Svoboda Realty Inc. Defined Benefit Plan. Likewise, Plaintiffs' brief argues that Dr. James M. Byers IRA Rollover is an adequate representative of the class. It does not address whether Patrick Svoboda IRA or Svoboda Realty Inc. Defined Benefit Plan meet Rule 23's requirements.

## II. Issues Presented

Directors raise the following issues, as we perceive them, on appeal:

(1)     whether the trial court failed to apply a sufficiently rigorous, thorough, and careful analysis of the class certification issues;

(2)     whether the claims or defenses of the class representatives who owned only Series B preferred stock are typical of the claims or defenses of the class members who owned only Series C preferred stock;

(3)     whether class representatives who owned only Series B preferred stock are adequate representatives of the class members who owned only Series C preferred stock;

(4)     whether unique defenses apply to Jack Fulton as a common stockholder who voted in favor of the merger which prevent him, as a matter of law, from satisfying the typicality requirement;

(5)     whether the named plaintiffs who owned only Series B preferred stock have standing to pursue claims related to the Series C shares if Jack Fulton is not an appropriate class representative; and

(6)     whether common issues concerning the alleged breaches of fiduciary duties predominate over individual issues.

## III. Standard of Review

A trial court's decision on class certification is entitled to deference. *See Meighan v. U.S. Sprint Commc'ns Co.,* 924 S.W.2d 632, 637 (Tenn. 1996). The grant or denial of class certification is discretionary, and the court's decision will stand absent abuse of that discretion. *Id*. (citing *Sterling v. Velsicol Chem. Corp*., 855 F.2d 1188, 1197 (6th Cir. 1988)). The abuse of discretion standard typically applies when a choice exists in the trial court among several acceptable alternatives. *Lee Med., Inc. v. Beecher*, 312 S.W.3d 515, 524 (Tenn. 2010) (citing *Overstreet v. Shoney's, Inc*., 4 S.W.3d 694, 708 (Tenn. Ct. App. 1999)). Because the trial court is vested with the responsibility to make that choice, a reviewing court cannot second-guess the lower court's judgment or merely substitute an alternative it finds preferable. *Id.* at 524 (citations omitted). A reviewing court must instead affirm the discretionary decision so long as reasonable legal minds can disagree about its correctness. *Eldridge v. Eldridge*, 42 S.W.3d 82, 85 (Tenn. 2001) (citing *State v. Scott,* 33 S.W.3d 746,

752 (Tenn. 2000); *State v. Gilliland,* 22 S.W.3d 266, 273 (Tenn. 2000)). The same principles apply here; a trial court's certification decision must stand if reasonable judicial minds can differ about the soundness of its conclusion. *Freeman v. Blue Ridge Paper Prod., Inc.,* 229 S.W.3d 694, 703 (Tenn. Ct. App. 2007) (citing *White v. Vanderbilt Univ.,* 21 S.W.3d 215, 223 (Tenn. Ct. App. 1999)). "The abuse of discretion standard of review does not, however, immunize a lower court's decision from any meaningful appellate scrutiny." *Beecher,* 312 S.W.3d at 524 (citing *Boyd v. Comdata Network, Inc.,* 88 S.W.3d 203, 211 (Tenn. Ct. App. 2002)).

A trial court's discretion is not unbounded. *Cf. Gulf Oil Co. v. Bernard,* 452 U.S. 89, 100 (1981). A trial court must consider controlling legal principles and relevant facts when making a discretionary decision. *Beecher,* 312 S.W.3d at 524 (citing *Konvalinka v. Chattanooga-Hamilton Cnty. Hosp. Auth.,* 249 S.W.3d 346, 358 (Tenn. 2008); *Ballard v. Herzke,* 924 S.W.2d 652, 661 (Tenn. 1996)). A trial court abuses its discretion if it (1) applies an incorrect legal standard, (2) reaches an illogical or unreasonable decision, or (3) bases its decision on a clearly erroneous evaluation of the evidence. *Elliott v. Cobb,* 320 S.W.3d 246, 249-50 (Tenn. 2010) (citation omitted); *see also Walker v. Sunrise Pontiac-GMC Truck, Inc.,* 249 S.W.3d 301, 308 (Tenn. 2008) (citation omitted). Additionally, a trial court abuses its discretion if it "strays beyond the applicable legal standards or when it fails to properly consider the factors customarily used to guide the particular discretionary decision." *Beecher,* 312 S.W.3d at 524 (citing *State v. Lewis,* 235 S.W.3d 136, 141 (Tenn. 2007)).

Appellate courts review a trial court's discretionary decision to determine "(1) whether the factual basis for the decision is properly supported by evidence in the record, (2) whether the lower court properly identified and applied the most appropriate legal principles applicable to the decision, and (3) whether the lower court's decision was within the range of acceptable alternative dispositions." *Id.* at 524-25 (citing *Flautt & Mann v. Council of Memphis,* 285 S.W.3d 856, 872-73 (Tenn. Ct. App. 2008)). We review the trial court's legal conclusions *de novo* with no presumption of correctness. *Id.* at 525 (citing *Johnson v. Nissan N. Am., Inc.,* 146 S.W.3d 600, 604 (Tenn. Ct. App. 2004); *Boyd v. Comdata Network, Inc.,* 88 S.W.3d 203, 212 (Tenn. Ct. App. 2002)). We review the trial court's factual conclusions under the preponderance of the evidence standard. *Id.* (citations omitted).

## IV. Analysis

Rule 23 of the Tennessee Rules of Civil Procedure governs class action certification. *Walker,* 249 S.W.3d at 307 (citing *Hamilton v. Gibson Cnty. Util. Dist.,* 845 S.W.2d 218, 225 (Tenn. Ct. App. 1992)). The burden is on the proponent of class certification to demonstrate that a class action is appropriate. *Id.* This burden is two-fold. The proponent must first satisfy the numerosity, commonality, typicality, and adequacy of representation requirements

of Rule 23.01. *Id.* at 307-08 (citing Tenn. R. Civ. P. 23.01). Rule 23.01 permits class certification if

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

Tenn. R. Civ. P. 23.01. The proponent of class certification must demonstrate compliance with each of Rule 23.01's requirements. *Walker*, 249 S.W.3d at 307-08.

The proponent must next establish the class action is maintainable under Rule 23.02. *Id* at 308. In contrast to Rule 23.01, the proponent of class certification must establish only one Rule 23.02 basis for the maintenance of a class action. *Id*. Rule 23.02 provides three bases for class action certification:

> (1) the prosecution of separate actions by or against individual members of the class would create a risk of
>> (a) inconsistent or varying adjudications with respect to individual  members of the class which would establish incompatible standards of conduct for the party opposing the class, or
>> (b) adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or would substantially impair or impede their ability to protect their interest; or
> (2) the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole; or
> (3) the court finds that the question of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The matters pertinent to the findings include: (a) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (b) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (c) the desirability or undesirability of

concentrating the litigation of the claims in the particular forum; (d) the difficulties likely to be encountered in the management of a class action.

Tenn. R. Civ. P. 23.02. Class certification is permissible only if the proponent demonstrates compliance with both Rule 23.01 and Rule 23.02. *Freeman*, 229 S.W.3d at 702 (citing *Hamilton*, 845 S.W.2d at 225).

The trial court determined Plaintiffs carried their burden to establish the requirements of Rule 23. The court held: (1) Directors conceded the numerosity issue, (2) the cause of action for breach of fiduciary duty and the principal defense to that claim were common issues of law subject to generalized proof, (3) the claims or defenses of the class representatives were typical of the class claims, and (4) the proposed class representatives would adequately represent the absent class members. The court further concluded common issues predominated over individual issues involved in the action. Because a class action provided the superior method of resolving the claims, the court certified the proposed class.

Directors argue the trial court abused its discretion. Directors cite several perceived deficiencies in the trial court's decision. Their principal criticism concerns the court's alleged failure to recognize the "impossibility of squaring the interests of the two competing categories of shareholder plaintiffs," which Directors largely attribute to the court's alleged failure to perform a sufficiently rigorous analysis of the class certification requirements. The existence of an irreconcilable conflict precluding certification is a theme of Directors' brief. In their view, the court's lack of appreciation for the conflict between Series B and Series C preferred shareholders prevented the court from reaching a decision consistent with the controlling legal framework.

Directors also argue that Mr. Fulton is an inadequate representative of the class and his claims are atypical because he voted in favor of the merger as a common stockholder. Directors contend certification of a class including Series C preferred shareholders is an abuse of discretion if Mr. Fulton is unable to serve as a class representative. According to Directors, the remaining named plaintiffs who held only Series B preferred stock are inadequate representatives of the preferred shareholders who held only Series C preferred stock. Further, they argue named plaintiffs who held only Series B preferred stock are without standing to pursue claims for the breaches of fiduciary duties owed to the Series C preferred shareholders. The dispositive issue set forth in Directors' brief is whether Mr. Fulton's claims or defenses are typical of the claims or defenses of the class. All other issues are pretermitted.[4]

---

[4]We note Directors argue this Court should vacate the decision of the trial court for failure to perform
(continued...)

-7-

### A. Typicality

Directors argue the trial court abused its discretion when it found the claims or defenses of the class representatives typical of the class claims or defenses. "[A] plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members, and if his or her claims are based on the same legal theory." *Freeman*, 229 S.W.3d at 703 (quoting *In re Am. Med. Sys., Inc.*, 75 F.3d 1069, 1082 (6th Cir. 1996)) (alteration in original) (citation omitted) (internal quotation marks omitted). The typicality inquiry focuses on whether the legal and remedial theories of the class representatives are sufficiently similar to those of the unnamed class members.[5] *Mullen v. Treasure Chest Casino, LLC*, 186 F.3d 620, 625 (5th Cir. 1999) (citing *Lightbourn v. Cnty. of El Paso, Tex.*, 118 F.3d 421, 426 (5th Cir. 1997)); *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992) (citations omitted).

"A necessary consequence of the typicality requirement is that the representative's interests will be aligned with those of the represented group, and in pursuing his own claims, the named plaintiff will also advance the interests of the class members." *In re Am. Med. Sys., Inc.,* 75 F.3d at 1082 (citing 1 Herbert B. Newberg & Alba Conte, *Newberg on Class Actions* § 3.13 (3d ed. 1992)). "The typicality requirement reflects the belief that a class action's progress should not be compromised by a diversion of attention from the substance of the basic claim involved in the case."[6] *Bayberry Assocs. v. Jones*, 87-261-II, 1988 WL 137181, at *9 (Tenn. Ct. App. Nov. 9, 1988) (citation omitted), *vacated for lack of a final judgment,* 783 S.W.2d 553 (Tenn. 1990). "Its purpose, therefore, is to screen out class actions in which the legal or factual position of the representative party is markedly different

---

[4](...continued)
a "rigorous, thorough, and careful analysis" of Rule 23's requirements. *Gov't Emps. Ins. Co. v. Bloodworth*, M2003-02986-COA-R10-CV, 2007 WL 1966022, at *7 (Tenn. Ct. App. June 29, 2007). Our supreme court has not addressed whether Tennessee courts must conduct a rigorous analysis. *E.g.*, *Walker*, 249 S.W.3d at 308; *Meighan*, 924 S.W.2d at 637. We express no opinion on whether the failure to perform a rigorous analysis is itself grounds to vacate a trial court's decision.

[5]Although there are few reported opinions from Tennessee state courts addressing class certification under Rule 23 of the Tennessee Rules of Civil Procedure, federal cases addressing class certification under the Federal Rules of Civil Procedure are persuasive authority. *Meighan v. U.S. Sprint Commc'ns Co.*, 924 S.W.2d 632, 637 n.2 (Tenn. 1996) (citing *Bayberry Assocs. v. Jones*, 783 S.W.2d 553, 557 (Tenn. 1990)).

[6]We note the Tennessee Supreme Court vacated this Court's decision in *Bayberry Associates v. Jones*, 87-261-II, 1988 WL 137181 (Tenn. Ct. App. Nov. 9, 1988), *vacated for lack of a final judgment,* 783 S.W.2d 553 (Tenn. 1990), for reasons unrelated to that opinion's substantive evaluation of the Rule 23 requirements. Several of the this Court's well-supported statements regarding the typicality requirement are nonetheless persuasive.

from that of the other members of the class, even though common issues of law or fact may also be present." *Id.* (citations omitted).

The claims or defenses of a class representative are atypical if a defense unique to that person or a small subclass is likely to become a major focus of the litigation. *Koos v. First Nat. Bank of Peoria*, 496 F.2d 1162, 1164-65 (7th Cir. 1974) (citation omitted); *see also In re Schering Plough Corp. ERISA Litig.*, 589 F.3d 585, 599-601 (3d Cir. 2009); *Gary Plastic Packaging Corp. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 903 F.2d 176, 180 (2d Cir. 1990) (citations omitted); *Rolex Emps. Ret. Trust v. Mentor Graphics Corp.*, 136 F.R.D. 658, 663-64 (D. Or. 1991) (citations omitted). Regardless of whether courts frame this issue in terms of typicality or adequacy of representation, the danger is that a class representative will not properly advance the interests of the absent class members if overly concerned with defenses or affirmative defenses unique to him. *Gary Plastic*, 903 F.2d at 180 (citations omitted); *see also Beck v. Maximus, Inc.*, 457 F.3d 291, 301 (3d Cir. 2006) ("A proposed class representative is neither typical nor adequate if the representative is subject to a unique defense that is likely to become a major focus of the litigation.").

Directors argue the claims or defenses of Mr. Fulton are atypical because he is subject to unique affirmative defenses that are likely to become a major focus of the litigation. Directors cite several cases as demonstrating that the affirmative defenses of acquiescence, ratification, or waiver bar Mr. Fulton's claim as a common stockholder who voted in favor of the merger. *E.g.*, *Cohen v. Mirage Resorts, Inc.*, 62 P.3d 720, 730 (Nev. 2003) (citations omitted) ("Shareholders who vote in favor of the merger generally have no standing to contest the validity of the merger."); *Bershad v. Curtiss-Wright Corp.*, 535 A.2d 840, 842 (Del. 1987) ("An informed minority shareholder . . . who either votes in favor of a merger or accepts the benefits of the transaction cannot thereafter attack the fairness of the merger price."); *Howard v. Eatonton Co-op. Feed Co.*, 177 S.E.2d 658, 662 (Ga. 1970) ("When the defendants voted for the merger, they agreed to all of the terms of the merger agreement, and will not now be heard to complain . . . ."). Plaintiffs disagree, distinguishing these cases on the basis that Mr. Fulton was allegedly unable to evaluate the fairness of the merger with the informed consent that Plaintiffs submit is vital to the application of the asserted affirmative defenses.

The trial court acknowledged Mr. Fulton voted in favor of the merger. The court's order nevertheless did not analyze the effect of that vote in relation to requirements of typicality or adequacy of representation. Likewise, the court did not offer an express opinion regarding the existence of the above defenses under Tennessee law or address their applicability under the facts. Plaintiffs contend the trial court's decision not to make an express legal conclusion is inconsequential because the court heard Plaintiffs' legal argument at the class certification hearing. Plaintiffs argue the trial court impliedly agreed with their

assertion that informed consent is essential to proving the asserted affirmative defenses if they are indeed available to Directors under Tennessee law. Plaintiffs further suggest the court impliedly rejected Directors' position because Mr. Fulton could not have voted with informed consent with respect to the effect of the merger on the preferred stock.

We disagree that the trial court's silence equates to approval of Plaintiffs' position. Although it appears informed consent is generally a prerequisite to the application of the asserted affirmative defenses, the possibility remains that Mr. Fulton's actions constituted acquiescence, ratification, or waiver under the unique facts of this case. Since this is an issue of first impression in Tennessee, it is possible that the trial court may apply the above defenses in a novel way that bars Mr. Fulton's claim. Additionally, the court may have premised its rejection of Directors' position on an erroneous conclusion that a unique defense likely to become a major focus of the litigation does not defeat typicality in Tennessee. We disagree that the court's silence implies rejection of the existence of the asserted affirmative defenses in Tennessee or application of these defenses under the facts of this case without something more. Even if the court impliedly rejected Directors' position, the court may change its opinion prior to the entry of a final judgment.

Directors clearly intend to pursue the affirmative defenses of acquiescence, ratification, and waiver against Mr. Fulton. Given the nature of these proceedings and the unsettled nature of the law in this regard, it is highly likely Directors will have an opportunity to revisit the issue in future proceedings where the trial court has offered no express legal conclusion in favor of Plaintiffs on this merits issue.[7] Although we think it inappropriate to express a conclusion regarding the existence or application of the asserted defenses in this appeal, our review of the cases cited above persuades us that Directors' position is not merely speculative. At the very least, issues concerning the existence and application of these asserted defense are likely to become a major focus of litigation, especially where Mr. Fulton's removal as a class representative might affect the ability of the class to remedy the alleged breach of fiduciary duties owed to Series C preferred shareholders.[8] These defenses

_____

[7]The trial court's silence may indicate only that the court believed such legal questions best resolved at summary judgment or at trial where the court would have an opportunity to analyze the application of the defenses in light of the undisputed or established facts. The court indicated at the Rule 23 hearing it did not intend to reach merits issues.

[8]Directors contend the court cannot certify a class including Series C preferred shareholders unless at least one named plaintiff has standing to assert a breach of the fiduciary duties allegedly owed to that group. *See Griffin v. Dugger*, 823 F.2d 1476, 1483 (11th Cir. 1987) (concluding at least one named plaintiff must have standing to pursue each class claim); *but see Payton v. County of Kane*, 308 F.3d 673, 680 (7th Cir. 2002) (concluding courts should first address the question of class certification and then address standing (continued...)

are likely to become a major focus of the litigation regardless of whether they are ultimately meritorious.

We are unable, however, to determine on the record whether these affirmative defenses are unique to Mr. Fulton or a small subset of the class. The record is without adequate information to determine how many preferred shareholders owned common stock, how many of those shareholders voted in favor of the merger, or how many of the shareholders opposed the merger. As a result, we are unable to determine whether Mr. Fulton stands in a position typical of absent class members or whether litigation of the defenses asserted against him will impermissibly detract from the pursuit of the class claims. It is possible that the defenses raised with respect to Mr. Fulton are not unique because a substantial part of the class is similarly situated. It is also possible, on the other hand, that Mr. Fulton is the sole preferred shareholder, or a member of a small subclass of preferred shareholders, who voted in favor of the merger. The record is silent on these issues. We have attempted in view of the abuse of discretion standard to discover evidence in the record that would support a finding of typicality in light of the controlling legal principles. We are unable to do so.

Plaintiffs ask this Court to affirm certification of the class even if Mr. Fulton is an inappropriate class representative. Plaintiffs contend Donald J. Roberts IRA and Dr. James M. Byers IRA Rollover meet each requirement of Rule 23.01 and that the potential removal of Mr. Fulton as a class representative does not effect the court's analysis of Rule 23.02. Plaintiffs further contend the question of standing is irrelevant to the certification determination. *See Defer L.P. v. Raymond James Fin., Inc.*, 654 F. Supp. 2d 204, 210 (S.D.N.Y. 2009) (citations omitted) (stating the question of whether a named plaintiff can represent class members is not a question of standing but rather a question of typicality). We find it appropriate, however, to vacate the court's decision and remand under the unique circumstances of this case.

We vacate and remand for several reasons. First, the record does not demonstrate that the claims or defenses of the representative parties are typical of the claims or defenses of

[8](...continued)
"with reference to the class as a whole, not simply with reference to the individual named plaintiffs"). Directors argue that Donald J. Roberts IRA and Dr. James M. Byers IRA Rollover lack standing to bring suit on the alleged breaches of fiduciary duties owed to Series C preferred stockholders if Mr. Fulton is an inappropriate class representative. In their view, the inability of Mr. Fulton to establish typicality precludes certification of a class that includes Series C preferred shareholders. The trial court did not address this question likely because the class it certified includes at least one named plaintiff with standing to assert both the claims of Series B and C preferred shareholders. Because resolution of this issue may become unnecessary upon remand, we decline to address it.

the class. This is enough in our view to vacate the decision of the trial court. Second, remand prevents this Court from authoring a potentially advisory opinion on whether at least one named plaintiff must possess standing for each claim in a class action, which is a matter of first impression before Tennessee courts. While Mr. Fulton's status as a class representative stands in jeopardy, it is possible that the trial court will determine upon review of the relevant evidence that he satisfies both the typicality and adequacy of representation requirements. Third, it is not entirely clear that the trial court would have reached the same decision on certification if it had concluded upon examination of the necessary evidence that Mr. Fulton was an inadequate representative. The court's order suggests it considered only Mr. Fulton a proposed class representative for Series C preferred shareholders. Finally, remand gives the trial court an opportunity to correct an apparent error in its decision regarding which named plaintiffs sought to serve as class representatives and to clarify which class representatives met Rule 23's requirements.[9] We accordingly vacate the trial court's decision and remand for further consideration.

### *B. Subclassing*

In vacating the trial court's decision, we decline to order *sua sponte* subclassing of the preferred stockholders. Rule 23.03 of the Tennessee Rules of Civil Procedure permits the division of a proposed class into subclasses. Tenn. R. Civ. P. 23.03(4). Courts may employ subclasses to address conflicts that arise among definable groups of a larger class. *See Boucher v. Syracuse Univ.*, 164 F.3d 113, 118-19 (2d Cir. 1999). "[T]he usual situation in which a court will divide a class into subclasses under that provision is when the class is found to have members whose interests are divergent or antagonistic." 7AA Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, *Federal Practice and Procedure* § 1790 (3d ed. 2004). If a court discerns a conflict, the proper solution is often to create subclasses of persons or entities whose interests are aligned. *Boucher*, 164 F.3d at 118-19 (citing *Payne v. Travenol Labs., Inc.,* 673 F.2d 798, 812 (5th Cir. 1982)). At least one federal appellate court has ordered a trial court to create subclasses on remand, even though the trial court in that case did not abuse its discretion in certifying the larger class. *E.g.*, *Marisol A. v. Giuliani*, 126 F.3d 372, 378-79 (2d Cir. 1997) (per curiam) (ordering the trial court to divide a properly certified class into subclasses).

Creating subclasses might address some of the alleged conflicts set forth in Directors'

---

[9]The trial court stated in its order that Plaintiffs sought appointment of Patrick Svoboda IRA and Svoboda Realty Inc. Defined Benefit Plan as class representatives, whereas Plaintiffs actually sought appointment of Dr. James M. Byers IRA Rollover. As a result, the court's order appears to conclude that Patrick Svoboda IRA and Svoboda Realty Inc. Defined Benefit Plan are appropriate representatives of the class but does not expressly address the status of Dr. James M. Byers IRA Rollover.

brief.  We nevertheless decline to order subclassing because we are unable to evaluate fully which subclasses might satisfy Rule 23's requirements.  The creation of subclasses does not obviate compliance with Rule 23; each subclass must independently satisfy the requisite certification requirements.  *See* Tenn. R. Civ. P. 23.03(4) (directing courts to treat each subclass as a class and apply the provisions of Rule 23 accordingly); *see also Betts v. Reliable Collection Agency, Ltd.*, 659 F.2d 1000, 1005 (9th Cir. 1981); *State of W. Va. ex rel. Chemtall Inc. v. Madden*, 607 S.E.2d 772, 785 (W. Va. 2004) (citations omitted).  "The creation of a number of subclasses may result in some that are too small to satisfy the numerosity requirement, may make the case unmanageable, or, in a Rule 23(b)(3) suit, may defeat the superiority requirement." *Manual for Complex Litigation (Fourth)* § 21.23 (2004).  We are without sufficient information in the record to determine conclusively whether potential subclasses of preferred shareholders in this case would satisfy Rule 23's requirements.   We cannot, for example, determine whether a subclass of preferred shareholders who voted in favor of the merger as common stockholders would satisfy the numerosity requirement.   We accordingly decline to order subclassing or to require consideration of subclassing, even if Rule 36 of the Tennessee Rules of Appellate Procedure would allow it.[10]

We note, however, that the trial court must actively guard against the development of conflicts and consider subclassing if it becomes necessary.  *Cf. Barney v. Holzer Clinic, Ltd.*, 110 F.3d 1207, 1214 (6th Cir. 1997) (citing *Grigsby v. North Miss. Med. Ctr., Inc.*, 586 F.2d 457, 462 (5th Cir. 1978); *Key v. Gillette Co.*, 782 F.2d 5, 7 (1st Cir. 1986); *In re General Motors Corp. Engine Interchange Litig.*, 594 F.2d 1106, 1124 (7th Cir.), *cert. denied*, 444 U.S. 870 (1979); *Burns v. U.S. R.R. Ret. Bd.*, 701 F.2d 189, 191-92 (D.C. Cir. 1983)).  "Because the stakes and scope of class action litigation can be great, class actions often require closer judicial oversight and more active judicial management than other types of litigation." *Manual for Complex Litigation (Fourth)* § 21 (2004).  Courts must be "especially vigilant" to safeguard the due process rights of absent class members through adequate representation because the judgment in a class action conclusively binds them.  *Berger v. Compaq Computer Corp.*, 257 F.3d 475, 480 (5th Cir. 2001) (citation omitted).  The court has the power and the duty in its role as guardian of the absent class members "to ensure that the class representative and class counsel do nothing to compromise or otherwise prejudice the interests of those whom they have undertaken to represent." *Blanchard v. EdgeMark Fin.*

---

[10] Rule 36 may not provide authority to create subclasses for the first time on appeal if the consideration of subclassing in the first instance lies within the province of the trial court. *See* Tenn. R. App. P. 36(a) (giving appellate courts authority to "grant the relief on the law and facts to which the party is entitled or the proceeding otherwise requires and may grant any relief, including the giving of any judgment and making of any order; provided, however, relief may not be granted in contravention of the province of the trier of fact").

*Corp.*, 175 F.R.D. 293, 298-99 (N.D. Ill. 1997) (footnote omitted) (citing *Shelton v. Pargo, Inc.*, 582 F.2d 1298, 1306 (4th Cir. 1978); *Grunin v. Int'l House of Pancakes*, 513 F.2d 114, 123 (8th Cir. 1975); *Runion v. U.S. Shelter*, 98 F.R.D. 313, 318 (D.S.C. 1983)). If the court determines on remand that an irreconcilable conflict exists or arises that will unduly prejudice the interests of the class, the court has an independent duty to reject certification, to decertify the class, or to resolve the conflict with subclasses. We express no opinion, however, on whether such a conflict presently exists or is likely to arise. We instead vacate the trial court's decision and remand for further proceedings.

## V. Conclusion

For the foregoing reasons, we vacate the order granting class certification and remand for further consideration. We tax the costs of this appeal to the appellees, Donald J. Roberts IRA, Dr. James M. Byers IRA Rollover, Patrick Svoboda IRA, Svoboda Realty Inc. Defined Benefit Plan, and Jack Fulton, for which execution may issue if necessary.

_____
DAVID R. FARMER, JUDGE